**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
Janis G. Pelletier, #019246
admin@wb-law.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Jason Anderson and Christy Anderson, a married couple,** | Case No.: |
| **Plaintiffs,** | **VERIFIED COMPLAINT** |
| v. | **(BREACH OF CONTRACT; FRAUD)** |
| **Hess Landscape Development, Inc., a foreign corporation, and Erik Hess and Jane Doe Hess, a married couple,** | **(Jury Trial Demanded)** |
| **Defendants.** | |

Plaintiffs Jason and Christy Anderson, a married couple, by and through undersigned counsel, hereby state and allege as follows:

**PARTIES**

1.  "Plaintiffs", the "Andersons," are a married couple residing in the State of Arizona.

2.  Upon information and belief, Defendant Hess Landscape Development, Inc., ("Hess Landscape") is a corporation registered in the State of Nevada, doing business in the State of Arizona.

3.  Upon information and belief, Defendants Erik Hess and Jane Doe Hess are a

married couple residing in Ladera Ranch, CA 92695. All acts committed by Erik Hess were on behalf of the marital community existing between them.

## JURISDICTION AND VENUE

4. The events, acts, and omissions giving rise to this action occurred in the State of Arizona.

4. The damages in this matter exceed $75,000 exclusive of interest and costs.

5. This Court has diversity jurisdiction under 28 USC § 1332.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## JURY DEMAND

7. Plaintiffs demand a jury trial.

## GENERAL ALLEGATIONS

8. In 2022, the Andersons contracted to buy a newly constructed home at 1071 Plaza Estrella, Lake Havasu City, AZ, that was essentially completed except for certain exterior landscape and pool-area improvements. The property closed escrow on November 14, 2022.

9. The seller, Steve Clarke, advised that he had already contracted with Defendant Hess Landscape Development ("Hess Landscape") owned by Defendants Hess, to build the pool, spa, firepit and pool deck area on the property.

10. In anticipation of the close of escrow, on or about October 11, 2022, and after discussions with Mr. Hess, the Andersons agreed to continue with Hess Landscape, and thus agreed that Hess Landscape would complete the pool, spa, firepit and pool deck area.

11. Instead of a written construction contract covering the entire scope of work, Defendants submitted a series of proposed bids, each itemizing the materials and equipment to be used for each component of the pool, spa, firepit and pool deck area to which the Andersons agreed and signed.

12. Defendant Hess omitted informing and therefore misrepresented to the Andersons that Hess Landscape was licensed to perform the pool, spa, firepit and pool deck area construction work when it was not.

13. Pursuant to A.R.S. § 32-1151,

2

> It is unlawful for any person, firm, partnership, corporation, association or other organization, or a combination of any of them, to engage in the business of, submit a bid or respond to a request for qualification or a request for proposals for construction services as, act or offer to act in the capacity of or purport to have the capacity of a contractor without having a contractor's license in good standing in the name of the person, firm, partnership, corporation, association or other organization as provided in this chapter, unless the person, firm, partnership, corporation, association or other organization is exempt as provided in this chapter. Evidence of securing a permit from a governmental agency or the employment of a person on a construction project a construction project shall be accepted in any court as prima facie evidence of existence of a contract.

14. At the time during which Hess Landscape worked on completing the pool, spa, firepit and adjacent pool deck areas for the Andersons, it held only CR21 Hardscaping and Irrigation Systems license that was issued on October 7, 2022.

15. While the Andersons were completely unaware that Hess Landscaping did not hold the proper licensure, they paid and Hess Landscaping accepted payment of $33,138.45 for installation of the bullnose coping and paver installation, which is a violation of contractor regulations.

16. A R21 (Residential) Hardscaping and Irrigation Systems license classification "allows the licensee to install, alter, and repair:"

1. Non-loadbearing concrete;
2. Uncovered patios, walkways, driveways made of brick, stone, pavers or gravel;
3. Wooden decks no higher than 29 inches above grade finish;
4. Decorative garden walls up to six feet from finish grade;
5. Fences and screens up to six feet from finish grade;
6. Retaining walls up to three feet from the finish grade of the lower elevation;
7. Free standing fire pits, fireplaces, or barbeques – electric, plumbing, and gas must be subcontracted to a properly licensed contractor;
8. Low voltage landscape lighting;
9. Water features that are not attached to swimming pools; including any necessary: electrical wiring of 120 volts or less, connection to potable water lines, backflow prevention devices, hose bibs, excavating, trenching, boring, backfilling, or grading;
10. Irrigation systems, including any necessary: electrical wiring of 120 volts or less, connection to potable water lines, backflow prevention

3

      devices, hose bibs, excavating, trenching, boring, backfilling, or grading;

11. Residential outdoor misting systems. Freestanding or attached to existing appurtenance, not more than 1000 PSI.
Free standing and uncovered outdoor kitchens – electric, plumbing, and gas must be subcontracted to a properly licensed contractor.

*With the exception of free-standing fire pits, fireplaces, or barbeques, this classification does not allow the licensee to install, contract for, or subcontract new electrical service panels, gas or plumbing lines, blasting, covered outdoor kitchens, gazebos, room additions, swimming pools, pool deck coatings, concrete driveways, load bearing walls, or perimeter fencing.* (Emphasis added).

However, as Hess Landscape presented the bid for each new component, Christy Anderson soon noticed billing errors that were all in Hess Landscape's favor that were quite disturbing.

17. Thereafter, as a result of these astronomical bids from Hess Landscape, the Andersons decided to seek competitive bids from other contractors for the pool equipment and pool electric installation.

18. Upon learning that the Andersons were seeking bids from other contractors, on or about January 5, 2023, Erik Hess stated he was "stepping away" from the entire project and would not continue on further except to finish certain work already underway, which included the pool tile installation and the tongue and groove installation on the outdoor patio ceiling.

19. Finally, the Andersons lost all faith in the Hess Defendants when on or about February 5, 2023, the new pool contractor, All American Pool and Spas, performed a pressure test on the pool that revealed a leak. This revelation led to an agreement between the Andersons and the Hess Defendants to cease all unfinished work and leave the property.

20. Thereafter, Hess maintained possession of $35,020.73 in walkway tile, *See* **Ex. 1**, for which the Andersons had already paid him, and he stubbornly refused to deliver the tiles and still has never delivered the tile to the Andersons despite their demands, causing the Andersons to have to repurchase the exact same tile through contractor Edinger Materials but for the much lower price of $25,163.44. *See* **Ex. 2**, Edinger tile invoice.

21. Based on the failure of the pressure test, the Andersons then hired David J. Peterson, Watershaping Consulting, Inc., a registered professional engineer with expertise specific to the pool and spa industry, *See* **Ex. 3**, to assess Hess Landscape's work, which costs the Andersons $7,850.00.

22. Among other things, after investigation, Peterson discovered: (1) incorrect alignment of tile, (2) compromised waterproofing, (3) air gaps in tile joints, (4) inadequate thinset, (5) improper tile setting, (6) uneven and chipped tile, (7) wood embedded in the float, (8) nonexistence of waterproofing, (9) large air gaps in firepit tile, (10) tiles set with improper spot method, (11) porous cementatious material applied to pool walls, (12) slurry improperly applied to hide pool floor cracks, (13) improperly set pool coping, (14) grout between coping and tile where a flexible silicone sealant should have been used, (15) A missing stainless steel channel at basin and sidewall, (16) uneven weirs installed too high, (17) missing expansion joints, (18) spa dam wall thin and inadequately reinforced, (19) OSB wood left within wall of pool shell, (20) missing reinforcements at vanishing edge weir wall, (21) HDPE gas lines above grade and too small for the load, and (22) drain line in firepit plugged and tiled over. *Id.*

23. In Arizona, a contractor impliedly warrants that he will perform in a workmanlike manner even though the contract itself does not contain an express warranty of good workmanship. *Kubby v. Crescent Steel*, 105 Ariz. 459, 460, 466 P.2d 753, 754 (1970), citing *Reliable Electric Co. v. Clinton Campbell Contractor, Inc.*, 10 Ariz.App. 371, 459 P.2d 98 (1969).

24. It is incumbent upon a contractor who undertakes to build a structure to do so in a manner befitting a skilled contractor. *Reliable Elec. Co. v. Clinton Campbell Contractor, Inc.*, 10 Ariz. App. 371, 374, 459 P.2d 98, 101 (1969), citing *Cameron v. Sisson*, 74 Ariz. 226, 230, 246 P.2d 189, 191 (1952).

25. Defendants Hess did not perform the work at the Anderson residence in a reasonable or prudent manner and violated the standards of good workmanship or good practice applicable to pool, spa and firepit contractors in Arizona. *See Reliable Elec. Co. v. Clinton Campbell Contractor, Inc.*, 10 Ariz. App. 371, 374, 459 P.2d 98, 101 (1969).

26. The Andersons have since learned that because of Hess Landscape's defective workmanship on the pool, including the pool leakage and the routing of inadequate sized gas lines under the pool, the project did not pass city inspection.

27. The cost to remediate Hess Landscape's work as described above, the gas lines reconstruction and to reroute the lines around the pool to meet construction standards cost the Andersons a total of over $161,580.00 to remediate. *See* **Ex. 4**, American Pool and Spas Change Order.

28. David J Peterson and All American Pool and Spas advised the Andersons that the swimming pool pumps are not designed to be installed 5-7' above the water level. Therefore, the pumps had to be relocated for the infinity edge basin to be at optimum level. Plumbing and electrical had to be rerouted to achieve this, costing the Andersons another $12,000 to remedy. If the pumps were to remain at the original plan from Hess Landscaping, the pumps would labor, not be efficient and burn up quickly. *Id.*

29. The Andersons also had to pay All American Pool and Spas $47,282.95 to undo and redo the patio, repair the spa and fix the in-ground firepit. *Id.*

30. On March 29, 2023, the Andersons learned for the first time that Hess Landscape was not qualified and properly licensed as a pool contractor in the state of Arizona at the time the work was performed.

31. Hess Landscape did not hold a General Dual KA-6 Dual Swimming Pool Contractor, Including Solar license until January 31, 2023 as Mr. Hess and Hess Landscape led the Andersons to believe. *See* **Ex. 5**, General Dual License.

32. Had the Andersons known that Mr. Hess and Hess Landscape were not properly licensed pool contractors at the time and were exceeding the scope of their CR21- Hardscaping and Irrigation Systems license, they never would have agreed to allow Hess Landscape to do any work, nor would they have paid them anything for the work. *See* **Ex. 6**, Hardscape license.

33. Thus, during the time that Erik Hess and Hess Landscape did construction work for the Andersons, they were not licensed and bonded contractors, which is a class one

misdemeanor as well as a fraudulent practice and a violation of the Arizona Consumer Fraud Act.

34. Erik Hess and Hess Landscape were fully aware and should have been aware that all contractors must be licensed with the Registrar of Contractors and cannot claim this was simply a mistake.

35. In fact, Hess and Hess Landscape had been licensed in the State of California, beginning in 2010, but upon information and belief that California license was suspended by 2017 due to outstanding civil judgments. *See* **Ex 7**, Orange County Lawsuit.

36. In 2017, both Erik Hess and Hess Landscape Construction, Inc. were sued under circumstances similar to the facts here, when Hess contracted to do construction work in California even though Hess's license was suspended for failure to comply with an outstanding civil judgment. *Id.*

37. According to the Complaint filed in *Fredrick W. Delloye, et al vs. Hess Landscape Construction, Inc. and Erik Dennis Hess*, Case No. 30-2017-00895903-CU-BC-CJC, where Hess was accused of: (1) operating without a proper contractor license, (2) concealing that its licensure was suspended, (3) failing to perform the work in a workmanlike manner and free of defects; (4) charging more for the project than the contract price, (5) diverting sums paid to Defendants to other jobs and purposes, and (6) making false representations regarding its requisite skill, knowledge, and licensure. *Id.*

38. In fact, Defendants' similar conduct in that case establishes a clear and convincing pattern of unfair and fraudulent practices in complete disregard for the laws of the states where Defendants operate, and that Defendants knew their actions posed a substantial risk of significant harm to others and consciously disregarded it.

39. The failure to disclose the lack of proper licensing was motivated by an outrageous and fraudulent intent to deceive and defraud the Andersons into paying money for construction work that Defendants knew they had no legal right nor had the proficiency or skill to perform.

7

40. In refusing to deliver the Andersons' tile and refusing to advise where the patio drains terminated, Defendants' actions were malicious, wanton, and outrageous, and indicates a disregard for the Andersons' welfare.

41. The law in Arizona, similar to the law in California, prohibits an unlicensed contractor from even bidding on work and seeking payment for work performed while not holding proper licensure, something Hess knew and should have known. *See* A.R.S. § 32-1151.

42. Despite this, on February 24, 2023, Erik Hess emailed the Andersons claiming that the Andersons owed him and or his company $97,146.80 for the work done at the Anderson property and threatened to file a lien on the 1071 Plaza Estrella property to be recorded no later than Monday February 27, 2023, all the while knowing that neither he nor his company had any such right to do so, and causing much emotional distress to the Andersons. *See* **Ex. 8**, Lien Notices.

43. Pursuant to the lien statute, A.R.S. § 33-981, a person who is required to be licensed as a contractor but who does not hold a valid license as such contractor shall not have lien rights provided for in this section.

44. The threatened liens were outrageous because Mr. Hess and Hess Landscape had knowingly and deliberately exceeded the scope of their CR21 license when they did construction work on the pool, spa, fire pit, and pool deck area, and other work not specifically allowed under their license.

45. Hess Landscape also charged clearly and intentionally inflated and unreasonable sums for the tile that the Andersons paid for at the time not knowing that the sum was inflated and unreasonable while trusting Hess. Due to his refusal to deliver the tile to the Andersons, Hess has converted the tile to his own use and control and exercised dominion and control.

46. Hess Landscape also installed patio drains. However, when it rained, water was ponding on the patio rather than reaching and draining off, compromising the house and the casita. New drains had to be installed.

47. However, after Mr. Hess stated he no longer would perform any further work, he refused to disclose where the drain lines terminated. The Andersons had to pay Masonry &

8

More and Robert Johnson $12,014.00 to remove tile, make saw cuts to locate the drains' exit point, connect the drains, and then to reinstall the tile. *See* **Ex. 9**, Masonry & Moore Invoices.

48. The Andersons had to tear up their tiled back patio in several large areas to move the Hess-installed drains, to find the drains' exit points that Erik Hess would not disclose and then replace all the tiles at a cost of $42,388.51. *See* **Ex. 10**, Edinger Invoice.

49. Masonry and More had to dig up the drain lines to find the drains' exit points and to connect the drains properly, costing the Andersons additional unnecessary funds.

50. Hess Landscape also graded a natural area zone without the HOA's permission that cost the Andersons $15,000 to remediate but of which the Andersons are holding Hess liable for only $5,000 of that cost.

51. Hess Landscape also constructed the original pool deck area and pool coping. The coping had to be torn out to add an expansion joint between the pool and the patio, something that should have been part of the original construction but was not. This defective omission caused the Andersons to expend another $18,697.96 to correct. *See* **Ex. 11**, Edinger Quote.

52. The original pool coping was not level and could not be reused, so the existing pool tile then had to be cut back and replaced to make it level with the new coping. This cost the Andersons another $9,400 to make the deck level with the coping. *See* **Ex. 12**, All American Pool & Spa Invoice.

53. The Andersons have incurred $277,836.44 in damages to remediate Hess Landscape's defective work and believe that there may be additional remediation work in an amount to be determined at trial.

**COUNT ONE**
**CONSUMER FRAUD – A.R.S. §§ 44-1521**
**(Both Defendants)**

54. The Andersons incorporate by reference all previous allegations as though fully set forth herein.

55. Defendants have violated Arizona's Consumer Fraud Act which provides that the "act, use or employment by any person of any deception, deceptive or unfair act or practice,

9

fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." *See* A.R.S. § 44-1522(A).

56. Under the Act, "Merchandise" means any objects, wares, goods, commodities, intangibles, real estate or services.

57. Erik Hess and Hess Landscape deliberately concealed and omitted to disclose that they were not properly licensed and/or fraudulently misrepresented that they were duly licensed swimming pool contractors in the State of Arizona when they knew otherwise with the intent that the Andersons rely on the concealment or omission.

58. While operating outside the scope of their R21-Hardscape and Irrigation license, Erik Hess and Hess Landscape falsely promised/misrepresented that they would construct a pool, spa, firepit, and decking in a good and workmanlike manner when in fact, they were not properly licensed nor apparently even qualified with sufficient knowledge, skill and expertise to perform the work in a manner consistent with what they were charging the Andersons or seeking to be paid and knew it.

59. Erik Hess and Hess Landscape willfully violated the Act because it knew or should have known that its conduct was of the nature proscribed by A.R.S. §§ 44-1521.

60. As a result, the Andersons are entitled to recover the funds paid to Hess Landscape, their remediation damages and attorneys' fees and costs as well as to obtain punitive damages.

<b><u>COUNT TWO</u></b><br><b>CONVERSION</b><br><b>(Both Defendants)</b>

61. The Andersons incorporate by reference all previous allegations as though fully set forth herein.

62. On November 29, 2022, Erik Hess through Hess Landscape invoiced the Andersons $35,020.73 for Artillo Series San Felipe 12x13 Normandy Cream tiles for an exterior

walkway, upper and lower pergola areas, stair tread to the pergola and for the slider door transition. The Andersons paid the entire invoice.

63. When Erik Hess and Hess Landscape agreed to step back, the Andersons demanded that Hess Landscape deliver the walkway tiles to them, but Hess Landscape refused to do so.

64. Accordingly, Hess Landscape through Erik Hess has converted the Andersons' tile by intentionally exercising dominion and control over it that so seriously interferes with the Andersons' right of to control it that Hess Landscape must be held to pay the Andersons for the full value of the tile.

## COUNT THREE
## FRAUDULENT INDUCEMENT
### (Erik Hess)

65. The Andersons incorporate by reference all previous allegations as though fully set forth herein.

66. Erik Hess had a duty to disclose, but concealed the fact, that Hess Landscape was not a licensed, bonded contractor in Arizona before the Andersons entered into a contract with it and this fact was material to the transaction. The Andersons would not have entered into the contract with Hess Landscape had they known that it was not properly licensed and bonded.

67. Erik Hess also misrepresented that Hess Landscape was qualified to do the work that is the subject of the contract and to do it in a workmanlike manner.

68. The Erik Hess intended for the Andersons to act based on his material omission and misrepresentations, and they did indeed induce the Andersons to contract with as though he and Hess Landscape were duly licensed, qualified and competent contractors.

69. The Andersons did not know that the Hess Defendants were not properly licensed and bonded and were not qualified to perform the construction work to the Andersons' pool, spa in-ground firepit and pool deck area.

70. The Andersons had the right to rely on and did rely to their detriment on Erik Hess' representations.

11

71. The Andersons suffered damages that were consequently and proximately caused by their reliance on Erik Hess' omissions and misrepresentations.

**COUNT FOUR**
**FRAUD**

72. The Andersons incorporate by reference all previous allegations as though fully set forth herein.

73. Erik Hess and Hess Landscape misrepresented that it was a licensed, bonded swimming pool contractor in Arizona and qualified to construct the pool, spa, fire pit and decking area at the Andersons' home.

74. This representation was false because the Hess Defendants did not hold a General Dual KA-6 Dual Swimming Pool Contractor, Including Solar license.

75. The license the Hess Defendants did hold, a R21 (Residential) Hardscaping and Irrigation Systems license, specifically does not allow the licensee to install, contract for, or subcontract "new electrical service panels, gas or plumbing lines, blasting, covered outdoor kitchens, gazebos, room additions, swimming pools, pool deck coatings, concrete driveways, load bearing walls, or perimeter fencing."

76. The misrepresentation regarding the Hess Defendants' qualifications was material because the Andersons would not have entered into the contract with Hess Landscape had they known that it was not properly licensed and bonded.

77. The Hess Defendants knew that the R21 license specifically barred it from doing the work that was the subject of the contracts with the Andersons but failed to advise the Andersons of the licensing limitations.

78. The Hess Defendants intended for the Andersons to enter into various contracts with them based on these material misrepresentations, which act was reasonably contemplated.

79. The Andersons were ignorant of the truth of the Hess Defendants' licensing limitations and that they were not qualified to perform the work on the pool, spa, firepit and decking.

12

80. The Andersons had a right to rely on the Hess Defendants' representations that they were qualified contractors.

81. As a result of the Andersons suffered damages that were consequently and proximately caused by their reliance on the Hess Defendants' omissions and misrepresentations.

## COUNT FIVE
## BREACH OF CONTRACT
### (Hess Landscape)

82. The Andersons incorporate by reference all previous allegations as though fully set forth herein.

83. Based on representations made by Hess Landscape, the Andersons entered into a contract for the construction of a pool, spa, firepit and pool deck area at their new home.

84. Hess Landscape breached the contract by failing to construct the project in a workmanlike manner and the work that was done was defective.

85. The work performed was so defective and the amounts Hess invoiced for the work was so exorbitant for the quality of work performed that the Andersons questioned the billing, at which time Erik Hess said he would "step back" and do no further work.

86. The Andersons had to hire other contractors to investigate the work performed and to remedy the defects found so that the project could be completed as intended.

87. As a result of the Hess Defendants' breach of contract, the Andersons suffered general contract damages as well as consequential damages to be proven at trial.

88. The Andersons are entitled to recover their contract payments to the Hess Defendants less any value conferred on them by the Hess Defendants' work in an amount to be determined at trial.

## COUNT SIX
## BREACH OF THE IMPLIED WARRANTY OF WORKMANSHIP
### (Hess Landscape)

89. The Andersons incorporate by reference all previous allegations as though fully set forth herein.

90. Arizona law mandates that a contractor implicitly warrants the construction that he undertakes which ultimately becomes realty will be performed in a good and workmanlike manner. *Kubby v. Crescent Steel*, 105 Ariz. 459, 466 P.2d 753 (1970); *Cameron v. Sisson*, 74 Ariz. 226, 246 P.2d 189 (1952); *Reliable Electric Co. v. Clinton Campbell Contractor, Inc.*, 10 Ariz.App. 371, 459 P.2d 98 (1969).

91. This implied warranty guarantees that construction work will be performed skillfully and competently as would be expected of a duly licensed and qualified professional in their field. *Id.*

92. A contractor impliedly warrants that he will perform in a workmanlike manner even though the contract itself does not contain an express warranty of good workmanship. *Kubby*, 105 Ariz. at 460, 466 P.2d at 754.

93. By contracting with the Andersons, the Hess Defendants impliedly warranted that it would construct the pool, spa, firepit and decking in a skillful, competent and workmanlike manner that is expected of a duly licensed General Dual KA-6 Dual Swimming Pool Contractor, Including Solar license.

94. The Hess Defendants breached the implied warranty of workmanship by performing construction work that was defective and shoddy and that had to be remedied by other duly licensed contractors.

95. The Andersons are entitled to recover their damages arising from payments to other contractors to remedy the Hess Defendants' defective and shoddy work in an amount to be proven at trial.

## COUNT SEVEN
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (Hess Landscape)

96. The Andersons incorporate by reference all previous allegations as though fully set forth herein.

97. The law implies a covenant of good faith and fair dealing in every contract. The duty arises by virtue of a contractual relationship. The essence of that duty is that neither party

14

will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship.

98. Hess Landscape breached the covenant of good faith and fair dealing by depriving the Andersons of the right to receive the benefits flowing from the contract causing Andersons to be irreparably harmed.

**COUNT EIGHT**
**UNJUST ENRICHMENT**
**(Hess Landscape)**

99. The Andersons incorporate by reference all previous allegations as though fully set forth herein.

100. In the event that the Court deems that the contract between the Andersons and Hess Landscape is not an enforceable contract, the Andersons are entitled to recovery under the equitable theory of unjust enrichment.

101. Hess Landscape was unjustly enriched by the payments the Andersons made to it without knowing that it was an unqualified, unlicensed contractor who had no right to bid for nor do contracting work in the State of Arizona without a license.

102. Thus, Hess Landscape was not legally entitled to collect payment for any work performed without a license.

103. By making such payments to Hess Landscape, the Andersons were impoverished. There is a direct connection between Hess Landscape's enrichment and the Andersons' impoverishment due to paying for services from an unlicensed contractor for defective work.

104. The alleged facts demonstrate an absence of justification for the enrichment and impoverishment, and a likely absence of a remedy provided by law.

105. The Andersons seek a return of all payments made to Hess for its defective work in an amount to be determined at trial.

**COUNT NINE**
**DECLARATORY RELIEF – A.R.S. §§ 12-1861**
**(Hess Landscape)**

106. The Andersons incorporate by reference all previous allegations as though fully set forth herein.

15

107. Under Arizona's Declaratory Relief Act, A.R.S. §§ 12-1831,

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

108. The Andersons request the Court declare the Parties' rights pursuant to their contracts, including that due to Hess Landscape's licensing violations, it may not file liens against the Andersons' property for amounts it claims the Andersons owe to it.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

A. For an award of damages in an amount sufficient to make the Andersons whole for and to be proven at trial;

B. For an award of prejudgment and post-judgment interest;

C. For punitive damages;

D. For an award of fees and costs incurred pursuant to A.R.S, §§ 12-341 and 12-341.01;

E. For an award of such other relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 20th day of March, 2024.

**WILENCHIK & BARTNESS, P.C.**

*/s/ Janis G. Pelletier*
Dennis I. Wilenchik, Esq.
Janis G. Pelletier, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Plaintiffs*

16

## VERIFICATION

I state under penalty of perjury that I am Plaintiff Jason Anderson in this Breach of Contract and Fraud action against Hess Landscape Development, Inc., et al. I have read the foregoing Verified Complaint and to the best of my personal knowledge, information and belief the statements made herein are true and correct.

EXECUTED: 3/18/2024 .

*Jason Anderson*
Jason Anderson

## VERIFICATION

I state under penalty of perjury that I am Plaintiff Christy Anderson in this Breach of Contract and Fraud action against Hess Landscape Development, Inc., et al. I have read the foregoing Verified Complaint and to the best of my personal knowledge, information and belief the statements made herein are true and correct.

EXECUTED: 3/18/2024 .

*Christy Anderson*
Christy Anderson